UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RICHARD ALLEN SMUDA, | |
| Plaintiff, | Civil No. 25-1721 (JRT/JFD) |
| v. | |
| BREANNA FUTCHKO, BECKER COUNTY, and DETROIT LAKES, | MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendants. | |

---

Richard Allen Smuda, 1111 Highway 73, Moose Lake, MN 55767, *pro se* Plaintiff.

Plaintiff Richard Allen Smuda filed this action to dispute his civil commitment, alleging that the Minnesota state court that ordered his commitment lacked subject matter jurisdiction. Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") recommending that the Court dismiss Smuda's complaint without prejudice as it does not meet the favorable-termination requirement of *Heck v. Humphrey*. After de novo review, the Court determines that Smuda's claims are barred under *Heck*. Accordingly, the Court will overrule Smuda's objections, adopt the R&R, dismiss the complaint without prejudice, and deny all other motions as moot.

BACKGROUND

Smuda has several convictions for sexual and physical assault in North Dakota. *In re Civ. Commitment of Smuda*, No. A21-0610, 2021 WL 5047496, at *1–2 (Minn. Ct. App.

Nov. 1, 2021). As a result of those convictions, Smuda was previously civilly committed in North Dakota as a sexually dangerous individual. *Id.* at *2. His North Dakota civil commitment was terminated in July 2019. *Id.* Following his discharge, Smuda returned to Minnesota. *Id.* at *3. After returning to Minnesota, Smuda began exhibiting erratic behavior and was civilly committed as a person with mental illness. *Id.*

While under that commitment, officials in Minnesota's Becker County filed a petition to civilly commit Smuda as a sexually dangerous person and a sexual psychopathic personality. *Id.* at *1. The court conducted a hearing and ordered Smuda's civil commitment. *Id.* at *4. Smuda appealed, and his commitment was upheld. *Id.* at *8. Smuda is currently committed at the Minnesota Sex Offender Program in Moose Lake, Minnesota. (Compl. at 1, Apr. 25, 2025, Docket No. 1.)

Smuda brought this action against an employee of the Minnesota Department of Human Services, Becker County, and the City of Detroit Lakes, seeking to vacate his civil commitment. He argues that the Minnesota state court lacked subject matter jurisdiction over his civil commitment proceedings, that his civil commitment improperly relied on conduct from North Dakota, and that the civil commitment proceedings were procedurally flawed. (Mot. Dismiss Civil Commitment at 1–3, Apr. 25, 2025, Docket No. 3.)[1]

---

[1] Despite being labelled as a motion, the Court understands Smuda's motion to dismiss civil commitment as additional allegations against the Defendants.

The Magistrate Judge issued an R&R recommending that the Court dismiss Smuda's complaint without prejudice because Smuda's civil commitment has not received any favorable termination and thus his action is barred under *Heck v. Humphrey*. (R. & R. at 4, May 5, 2025, Docket No. 4.) Smuda timely objected to the R&R. (Obj., May 16, 2025, Docket No. 5.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

A document filed by a pro se litigant must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not

excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   ANALYSIS

Smuda argues that dismissal is inappropriate because the Minnesota state court did not have subject matter jurisdiction over his civil commitment, the commitment proceedings were procedurally deficient, and he satisfies the favorable-termination requirement of *Heck* because his civil commitment was terminated in North Dakota. As relief, Smuda seeks $35 million in damages and asks this Court to "vacate" and "dismiss" the civil commitment order. (Compl. at 4.) However, under the favorable-termination doctrine established by *Heck v. Humphrey*, Smuda's claims are barred from further action.

In *Heck*, the Supreme Court held that a plaintiff may not pursue damages under 42 US.C. § 1983 if success on the claim would necessarily imply the invalidity of a criminal conviction or sentence,[2] unless a recognized legal process has already invalidated the underlying conviction or sentence. 512 U.S. 477, 486–87 (1994).

Smuda's claim not only seeks damages but also requests injunctive relief that would reverse the civil commitment order. Accordingly, if the Court granted the requested relief, it would necessarily imply the invalidity of the civil commitment itself.

---

[2] *Heck* has been extended to civil commitments. *Thomas v. Eschen*, 928 F.3d 709, 711–13 (8th Cir. 2019).

Smuda's subject matter jurisdiction argument is difficult to follow, but Smuda seemingly argues that because he has underlying convictions that occurred only in North Dakota, Minnesota cannot civilly commit him on that basis. Though Smuda correctly cites that the Court must dismiss an action anytime it discovers that it does not have subject matter jurisdiction, any evaluation of the jurisdiction of the Minnesota state court would be barred by *Heck* because it would necessarily invalidate the civil commitment.

Smuda's argument that the commitment proceedings were procedurally deficient fares no better. He argues that the Minnesota state court did not conduct a hearing within the statutorily required timeframe and so the petition for his commitment should have been dismissed. The Court is unable to evaluate the timeliness of Smuda's hearing because it would challenge the validity of the commitment itself and thus is barred by *Heck* absent prior favorable termination.

Smuda argues that the termination of his civil commitment in North Dakota constitutes a favorable termination. But that discharge only represents a favorable termination on that specific North Dakota civil commitment. The action by North Dakota has no bearing on Smuda's Minnesota civil commitment. Indeed, notwithstanding North Dakota's decision, the Minnesota Court of Appeals upheld Smuda's Minnesota civil commitment. *In re Civ. Commitment of Smuda*, 2021 WL 5047496, at *8.

Smuda has not shown that his current civil commitment in Minnesota has been reversed, expunged, invalidated, or otherwise favorably terminated, so the Court is

precluded from considering his complaint. Accordingly, the Court will overrule Smuda's objection, adopt the R&R, dismiss Smuda's complaint without prejudice,[3] and deny all other motions as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 5] is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED**.

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice**.

4. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 2] and Plaintiff's Motion to Dismiss Civil Commitment [Docket No. 3] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 4, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[3] Without prejudice means that Smuda can refile his complaint. However, the Court cautions Smuda against refiling a complaint without first receiving a favorable termination in Minnesota.